HELEN SPENCE, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.— Order of the City Court of Yonkers allowing plaintiff to serve amended complaint, and order resettling said order, affirmed, without costs, the respondent having filed no brief. No opinion. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.

TOWN OF GREENBURGH, Appellant, v. WESTCHESTER LIGHTING COMPANY, Respondent. (Action No. 1.) — Final judgment unanimously affirmed, with costs. (See *Town of Greenburgh* v. *Westchester Lighting Co., Action No. 2* [*ante*, p. 263], decided herewith.) Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

BEATRICE TUPPER, Appellant, v. WILLIAM E. TUPPER, Respondent.— Order dismissing complaint, and order vacating order of arrest, affirmed, without costs; plaintiff to have ten days after entry of order herein to file a complaint in proper form. No opinion. Kelly, P. J., Rich, Manning and Kapper, JJ., concur; Lazansky, J., dissents.

EDMOND VAN DYK, Respondent, v. VAN DYK & REEVES, INC. (Incorporated 1925), and SOLOMON M. REEVES, Appellants, Impleaded with Another, Defendant. — Order denying defendants' motion for judgment dismissing complaint reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The Federal court had jurisdiction of the old corporation and its property, and also of the plaintiff who submitted himself to the jurisdiction. That court had the power to restrain the old corporation, its stockholders and officers, including plaintiff, from doing, under the name of the old corporation, business which would in anywise interfere with the good will bought by the defendant corporation's assignor. The old corporation has no assets, is not doing business of any kind, and seems to be defunct. No injury, therefore, could come to it or the plaintiff by the use by defendant corporation of the name of the old corporation. On the record before the court it clearly appears that the action is not brought in good faith, but solely for the purpose of harassing the defendant corporation. There is not a suggestion that the old corporation is likely to continue business. Under these circumstances, the plaintiff is not entitled to equitable relief. That the new corporation has a name similar to that of the old corporation works no injury to the plaintiff or the old corporation, since the latter is not doing business. It is a matter with which the State, and not this plaintiff, is concerned. The injunction order necessarily falls with the dismissal of the complaint. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur; Kelly, P. J., being of opinion that the respondent was barred by the proceedings in the Federal court.